IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

MARY K. PALMER,

                 Plaintiff,

      v.

CAROLYN W. COLVIN, Acting
Commissioner of Social Security; and
OFFICE OF GENERAL COUNSEL
SOCIAL SECURITY ADMINISTRATION,

                 Defendants.

**8:15CV255**

**MEMORANDUM AND ORDER**

This matter is before the court on plaintiff's motion for attorney fees in the amount of $5,973.85 under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d).  Filing No. 20.  The defendant filed no objection to this motion.

The EAJA provides for attorney fees if:  "(1) the person is a prevailing party; (2) the individual's net worth did not exceed $2,000,000 at the time the civil action was filed; and (3) the fees and expenses were 'incurred by that party in [the] civil action' in which it prevailed."  *United States S.E.C. v. Zahareas*, 374 F.3d 624, 630 (8th Cir. 2004) (quoting 28 U.S.C. § 2412(d)(1)(A)-(2)(B)).  The fees awarded must be reasonable.  A reasonable fee under 28 U.S.C. § 2412 does not exceed "$125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee."  28 U.S.C. § 2412(D)(2)(A)(ii).

Furthermore, for a successful Social Security claimant to collect attorney fees, the Commissioner's position must lack substantial justification.  Substantial justification occurs when the Commissioner's position has a clearly reasonable basis in law and

fact.  The Commissioner bears the burden of proving that her position is substantially justified.  *Goad v. Barnhart*, 398 F.3d 1021, 1025 (8th Cir. 2005).  In this instance, the Commissioner does not argue that her position was substantially justified.

The court finds that the plaintiff is entitled to attorney fees under the EAJA.  The plaintiff is the prevailing party.  Additionally, the plaintiff's net worth did not exceed $2,000,000 at the time the civil action was filed.  Filing No. 20-4, Exhibit 4.  The plaintiff requests attorney's fees totaling $5,973.85 for 31.4 hours of work.  The hourly rate requested is $190.25.  The plaintiff first bases this request on the fact that the cost of leaving has increased substantially since 1996.  Filing No. 20-2, ¶ 8.  An increase for the cost of living is generally allowed.  *Johnston v. Sullivan,* 919 F.2d 503, 508-10 (8th Cir. 1990).  The court finds that the increase in cost of living justifies a fee higher than $125 an hour and that the rates requested by the plaintiff are reasonable.  The court further finds that counsel is a seasoned social security disability attorney who generally charges $225.00 per hour for his work, 95% of which is social security cases.  Filing No. 20-2.  The court has carefully reviewed the hours submitted and finds them to be reasonable in all respects.  Filing No. 20-3.  Thus, the court concludes that both the amount requested and the hours expended are reasonable.

THEREFORE, IT IS ORDERED that:

1.      The plaintiff's motion for attorney fees, Filing No. 20, is granted.

2.      Pursuant to the Equal Access to Justice Act, attorney fees in the amount of $5,973.85 are to be paid directly to the plaintiff's attorney, less any offset to satisfy a pre-existing debt to the United States.

3.    A   separate   judgment   shall   be   entered   in   conjunction   with   this Memorandum and Order.

Dated this 13th day of September, 2016.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge