IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| Mary K. Palmer,<br><br>        Plaintiff,<br><br>vs.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security;<br><br>        Defendant. | 8:15CV255<br><br>**MEMORANDUM AND ORDER** |

      This matter is before the Court on plaintiff's motion for attorney fees under 42 U.S.C. § 406(b). Filing No. 25. The government filed no objection to the motion. This Court previously reversed the Commissioner and ordered an award of benefits in this case. Filing No. 18 and Filing No. 19. The Court also awarded plaintiff fees under the Equal Access to Justice Act, ("EAJA"). Filing No. 24. Counsel requests additional fees pursuant to a contingency fee agreement between him and the plaintiff. Filing No. 25-1, Fee Agreement.

      Section 406(b) of the Social Security Act controls fees for representation of Social Security claimants in court. *Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002) (citing 20 C.F.R. § 404.1728(a)). Under § 406(b), "a court may allow 'a reasonable fee . . . not in excess of 25 percent of the . . . past-due benefits' awarded to the claimant." *Id.* at 795 (quoting 42 U.S.C. § 406(b)(1)(A)). Section 406(b) expressly requires any attorney fees awarded under that section to be payable "out of, and not in addition to, the amount of [the] past due benefits." 42 U.S.C. § 406(b)(1)(A). In *Gisbrecht*, the Supreme Court concluded § 406(b) "does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court." *Id.* at 807. Section 406(b), however, requires the court to assess the reasonableness of attorney fees requested under contingent-fee agreements. *Id.* at 809. In determining whether a requested fee under § 406(b) is

"reasonable," a court must consider factors that include the "character of the representation and the results the representative achieved." *Id.* at 808. The Supreme Court explained:

> Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits. Within the 25 percent boundary, . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered. Courts that approach fee determinations by looking first to the contingent-fee agreement, then testing it for reasonableness, have appropriately reduced the attorney's recovery based on the character of the representation and the results the representative achieved. If the attorney is responsible for delay, for example, a reduction is in order so that the attorney will not profit from the accumulation of benefits during the pendency of the case in court. If the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is similarly in order.

*Id.* at 807-08 (citations and footnote omitted). In assessing the reasonableness of a 25 percent contingent fee under § 406(b), it is appropriate to consider the de facto hourly rate. *See Id.* at 808 (noting that "the court may require the claimant's attorney to submit, . . . as an aid to the court's assessment of the reasonableness of the fee yielded by the fee agreement, a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge").

Counsel requests $15,508.75 for the 31.4 hours as shown in the application under 42 USC 406(b), Filing No. 25, which yields an hourly rate of $ 493.91 per hour. If the Court considers the $5,973.85 credit for the EAJA fee, Filing No. 24, then the only money from past-due benefits used to pay the requested fee is $9,534.90. Against that total, the 31.4 hours of work in this Court comes to an hourly rate of $303.66: 9,534.90/ 31.4 = 303.6592. The Court finds these rates are reasonable, given the risk factors as well as the experience of counsel in this case. This fee award is well within the range of cases that are equivalent to this one. *See O'Bryan v. Astrue,* 2008 WL 2074006 (D. Neb., May 14, 2008) ($16,000.00; 22.3 hours for an equivalent hourly rate of $717.49.)

Considering the factors discussed in *Gisbrecht*, the court concludes that $15,508.75 is a reasonable fee under 42 U.S.C. § 406(b). The amount is not above the statutory limit of 25 percent of total past-due benefits. Plaintiff's counsel has shown he has substantial experience in this field, including a number of years working almost exclusively on Social Security disability cases, both at the administrative and federal court level. The Court finds this favorable result would not have occurred without counsel's assistance. Further, there are no objections to the 25 percent contingent fee. Against this amount, plaintiff is entitled to a credit of $5,973.85 already paid to Counsel under the EAJA. Filing No. 23. Counsel is not permitted to keep both fees. Accordingly, subtracting the sum already paid equals a remaining amount owing to Counsel of $9,534.90

THEREFORE, IT IS ORDERED:

1. Plaintiff's motion for attorney fees pursuant to 42 U.S.C. § 406(b), Filing No. 25 , is granted.

2. Plaintiff's attorney is entitled to an additional attorney fee of $9,534.90.

3. A Judgment for attorney fees in the amount of $9,534.90 will be entered on this date.

Dated this 17th day of April, 2017.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge